[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11163
Non-Argument Calendar

_____

D.C. Docket No. 6:14-cr-00206-ACC-TBS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESSE AUSBIN BROWN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 6, 2016)

Before TJOFLAT, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jesse Ausbin Brown appeals his 240-month sentence for possession of child

pornography, in violation of 18 U.S.C. § 2252(a)(5)(B).  On appeal, Mr. Brown

contends that his sentence was procedurally and substantively unreasonable

because the district court based the sentence, in part, on a finding that he had failed to accept responsibility.  For the reasons that follow, we affirm.

**I**

In 1992, Mr. Brown was convicted in the Western District of South Dakota on two counts of sexual abuse of a child and was sentenced to 235 months.  On September 17, 2008 Mr. Brown was released from prison and began serving a four-year term of supervised release in the Western District of South Dakota.  His supervised release was scheduled to terminate on September 16, 2012.

Four days after the expiration of Mr. Brown's term of supervised release, September 20, 2012, the police in Winter Garden, Florida, received a complaint regarding a man who was attempting to lure young children into his car.  The police pulled over Mr. Brown in his vehicle and discovered that he was a convicted sex offender who had not registered in the State of Florida.  Mr. Brown was subsequently arrested and convicted for failure to register as a sex offender.

After that arrest, Mr. Brown's car was sold and the purchaser found a smartphone belonging to Mr. Brown hidden in the car.  An investigation revealed that the phone contained approximately 1,050 pornographic images of children between infancy to roughly 10 years of age.  These images all showed the sexual abuse/exploitation of children.  Mr. Brown admitted to FBI agents that he used the phone to connect to the internet, that he had hidden the phone in his car, that it

contained numerous images of child pornography, and that he had collected child pornography from 2009 until he was arrested in 2012. He also told the agents that he would masturbate while looking at the images and did this to keep from acting out physically against children.

Pursuant to a one-count indictment, Mr. Brown was charged with possession of child pornography and pled guilty. At the plea hearing, Mr. Brown was asked to describe what he had done and he said, "I guess I stumbled into it . . . . I mean I stumbled into some sites and . . . I just downloaded the pictures." D.E. 66 at 14. He agreed that he had known what he was doing was wrong. He also agreed with the government's stated factual basis for the plea, and the district court accepted his plea.

Pursuant to the advisory sentencing guidelines, Mr. Brown's base offense level was 18. He received several enhancements: a two-level enhancement because the material involved minors under the age of 12; a four-level enhancement because the material portrayed sadistic or masochistic conduct or other depictions of violence; a five-level enhancement for engaging in a pattern of activity involving the sexual exploitation of a minor; a two-level enhancement because he used a computer or interactive service for the possession, transmission, receipt, or for accessing with intent to view the material; and a five-level enhancement because the offense involved over 600 images. His base offense

level was decreased by three levels for acceptance of responsibility, which resulted in a total offense level of 33.

Mr. Brown had six criminal history points—three points for his federal sexual abuse of a child conviction in South Dakota and three points for his failure to register as a sex offender conviction in Florida—which resulted in a criminal history category of III. Based on a total offense level of 33, and a criminal history category of III, Mr. Brown's advisory sentencing guideline range was 168 to 210 months imprisonment.

At sentencing, the district court adopted the PSI and defense counsel asked the district court to sentence Mr. Brown at the low end of the suggested guideline range because of his advanced age, 62, and his essential confinement to a wheelchair. The government argued for a sentence at the high end of the guideline range due to the severity of the crime, the large number of images of victims between the ages of five and eight, Mr. Brown's history, and the protection of the public. The government also argued that the "timeline [was] particularly troubling," given that Mr. Brown had previously sexually abused two young girls, and upon release from prison for that offense, collected child pornography for, in his own words, a "crutch to prevent [himself] from acting out." D.E. 58 at 9.

In his allocution, Mr. Brown stated that he had received "permission to have pornography" from his sex offender program. *Id.* at 10. He also stated that he

"had no physical or sexual drive whatsoever" because of the amount of time he spent working. *Id.* Mr. Brown also said, "[a]nd the pictures, I never even saw the pictures like I tried to explain this to the FBI agent that, you know, the phone was in the car, and I accept that, you know. But I'm not evil. I really am not, ma'am. I'm not that evil." *Id.*

The district court imposed a 240-month sentence. It stated that it had reviewed the PSI, considered the advisory guidelines, and the 18 U.S.C. § 3553(a) factors, and had found "that the sentence imposed [was] sufficient but not greater than necessary to comply with the statutory purposes of sentencing." *Id.* at 10, 15. Though the district court had adopted the PSI, which credited Mr. Brown with a three-level deduction for acceptance of responsibility, part of the court's explanation for the variance was that Mr. Brown had not really admitted his culpability. The court explained that:

> The Court feels that a maximum sentence permitted in this case, which is 240 months, is necessary to protect the public in this case. The defendant has 18 prior convictions, one of which is for sexual abuse of a child, another for failure to register as a sex offender. The need to deter the defendant's criminal conduct and protect the public should take precedence in this case.
>
> The Court also notes that the defendant has demonstrated really no acceptance of responsibility for his actions. So the Court feels that a sentence within the statutory maximum is appropriate.

*Id.* at 15.

Mr. Brown objected to the sentence as unreasonable, arguing that the district court did not consider his age and health.  Mr. Brown further argued that the underlying offense for sexual abuse, which was a contact offense, had a guideline range of 235 months, which was lower than the non-contact offense at issue before the court.  The court explained that the guideline range increased as an offender had more convictions, and clarified that "[t]he [c]ourt feels that the guideline, as I have stated, is not sufficient to protect the public in this particular case.  The [c]ourt did consider [Mr. Brown's] age and physical condition, but the need to protect the public is so overwhelming when we're talking about children." *Id.* at 16.

Mr. Brown now appeals, arguing that the 240-month statutory maximum sentence imposed by the district court was both procedurally and substantively unreasonable.  Mr. Brown contends that the sentence was procedurally unreasonable because it was based, in part, on an erroneous conclusion of the district court that he did not accept responsibility.  He also contends that the sentence was substantively unreasonable because the district court committed a clear error in judgment when it considered Mr. Brown's purported lack of remorse in varying upward from the advisory guideline range and imposing the statutory maximum sentence.

6

## II

We review the reasonableness of a sentencing decision for abuse of discretion. *See Gall v. United States,* 552 U.S. 38, 41 (2007).    We first look to ensure that the district court committed no significant procedural errors. *See United States v. Beckles*, 565 F.3d 832, 845 (11th Cir. 2009).    A significant procedural error includes "failing to calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.  Abuse of discretion can be found when the district judge "(1) fails to afford consideration to relevant factors that merited significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment." *United States v. Brown*, 772 F.3d 1262, 1266 (11th Cir. 2014) (citing *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010)(en banc)).

A "defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea.  Although a guilty plea can constitute significant evidence of acceptance of responsibility, it may be outweighed by conduct of the defendant inconsistent with an acceptance of

7

responsibility." *United States v. Moriarty*, 429 F.3d 1012, 1023 (11th Cir. 2005) (citing U.S.S.G. § 3E1.1 comment. (n. 3)).

Mr. Brown contends that the district court procedurally erred by basing the sentence, in part, on the clearly erroneous finding that he had not demonstrated an acceptance of responsibility. We disagree, despite his guilty plea, Mr. Brown did not met his burden, and the district court did not clearly err in concluding that he had not demonstrated acceptance of responsibility. His equivocal statements that he "stumbl[ed]" upon approximately 1,050 pornographic images of children, that he "never even saw the pictures," and that he had permission to have pornography and yet no sex drive could reasonably be found to constitute a denial of the acceptance of responsibility. At sentencing, the only thing Mr. Brown accepted responsibility for was having the phone in the car.

"If the district court did not procedurally err, then we consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard, based on the totality of the circumstances." *Beckles*, 565 F.3d at 845 (quotations omitted). "The party challenging the sentence bears the burden of establishing [that] the sentence is unreasonable in light of the record and factors in 18 U.S.C. § 3553(a)." *Brown*, 772 F.3d at 1266. The relevant § 3553(a) factors include (1) the nature and circumstances of the crime as well as the history and characteristics of the defendant; (2) the need to reflect the seriousness of the crime,

to promote respect for the law, and to provide just punishment for the crime; (3) the need for deterrence; and (4) the need to protect the public.

A district court should not focus on one factor "single-mindedly" to the detriment of other factors, and an unjustified reliance on any one factor may be a symptom of an unreasonable sentence. *See United States v. Crips,* 454 F.3d 1285, 1292 (11th Cir. 2006). Nevertheless, the weight to be applied to any one factor is within the discretion of the sentencing court. *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). *See also* Brown, 772 F.3d at 1266–67 (affirming as reasonable a 240-month sentence for possession and receipt of child pornography when the district court found the need to protect the public was "perhaps [the] most important aspect" and varied upward from an advisory guidelines range of 78–97 months).

If the sentencing court decides, after serious consideration, to a sentence outside of the applicable guidelines range, it should provide an explanation for the variance. *See Brown*, 772 F.3d at 1266. We will reverse and remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1189–90.

9

Mr. Brown has failed to meet his burden of showing his sentence is substantively unreasonable under the totality of the circumstances. The district court did not rely solely on Mr. Brown's lack of acceptance of responsibility; that was only one factor that the district court used in deciding an upward variance was appropriate. The court's two main justifications for the variance were the need to protect the public and to deter Mr. Brown's criminal conduct, which were particularly reasonable, relevant, and proper in light of the facts presented. Mr. Brown had already served a 235-month sentence for sexually abusing two young girls and days after his supervised release ended he was suspected of trying to lure children into his vehicle, which led to his arrest for failing to register as a sex offender, which then led to the discovery of a considerably large amount of child pornography on his cell phone, some of which was downloaded while he was on supervised release. It is also worth noting the disturbing nature of the child pornography found on Mr. Brown's phone; the images on his phone were of very young children, and all of them were of children being sexually abused. This is the same child pornography that Mr. Brown admitted to FBI agents he had downloaded so he could use as material to stimulate himself sexually and prevent himself from "acting out" physically against children. In short, the district court's conclusion that Mr. Brown posed a danger to the community was not erroneous.

10

The district court stated the reasons supporting the sentence and the justifications were sufficiently compelling to support the variance. When defense counsel objected to the reasonableness of the sentence and the court again highlighted the need to protect the public as the main factor in the decision for an upward variance of 30 months. *See generally United States v. Sarras,* 575 F.3d 1191, 1220 (11th Cir. 2009) ("Child sex crimes are among the most egregious and despicable of societal and criminal offenses, and courts have upheld lengthy sentences in these cases as substantively reasonable."). Looking at the totality of the circumstances and giving due deference to the sentencing court's justification for the upward variance, we conclude that there was no abuse of discretion.

## III

Mr. Brown's 240-month sentence was not procedurally or substantially unreasonable. Accordingly, we affirm.

**AFFIRMED.**